[Cite as *State v. Foster*, 2013-Ohio-2199.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98869**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# RONALD FOSTER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-556414

**BEFORE:** Rocco, J., Stewart, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 30, 2013

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road
Suite 300
Westlake, OH 44145

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Katherine Mullin
         Adam Chaloupka
Assistant County Prosecutors
Justice Center
1200 Ontario Street
Cleveland, OH 44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Ronald Foster appeals from his sentences for receiving stolen property, failure to comply with the order of a police officer ("failure to comply"), and endangering children. Foster sets forth two assignments of error, both of which allege that the trial court failed to make necessary findings before rendering the sentences. Finding no merit to either assignment of error, we affirm the trial court's final judgment.

{¶2} Foster was charged on a multiple-count indictment, and, ultimately, he pleaded guilty to three of the counts: one count of receiving stolen property, a violation of R.C. 2913.51(A) and a fourth-degree felony; one count of failure to comply, a violation of R.C. 2921.331(B) and a fourth-degree felony; and one count of endangering children, a violation of R.C. 2919.22(A) and a first-degree misdemeanor. The remaining counts were nolled. The trial court sentenced Foster to a prison sentence of 18 months for receiving stolen property, 18 months for failure to comply, and 180 days for child endangerment. The trial court merged the 180-day sentence with the other two sentences but ordered that the two 18-month sentences would run consecutively to each other, for a total of 36 months imprisonment.[1] It is from these sentences that Foster now appeals,

---

[1] Foster's appeal stems from Case No. CR-556414. He was separately indicted in Case No. CR-561516, and when he entered guilty pleas in Case No. CR-556414, he also pleaded guilty to certain charges in Case No. CR-561516. The trial court sentenced Foster in both cases on the same day, and the sentences in each case were ordered to be served consecutively. The instant appeal involves only the sentences imposed in Case No. 556414.

setting forth two assignments of error for our review:

> I. The trial court erred in sentencing Foster, because it failed to make the requisite findings under R.C. 2921.331.

> II. The trial court erred in sentencing Foster to maximum consecutive sentences for receiving stolen property and failure to comply.

{¶3} In his first assignment of error, Foster argues that the trial court erred in failing to make necessary findings under R.C. 2921.331 before sentencing Foster for failure to comply. Foster is mistaken, because the provision he relies on is inapplicable in this case.

{¶4} Under R.C. 2921.331(C)(5)(b), the trial court is required to consider a number of factors in rendering its sentence for failure to comply "[i]f a police officer pursues an offender who is violating division (B) of this section and division (C)(5)(a) of this section applies * * *." Foster was convicted under R.C. 2921.331(B), so the trial court was required to consider the factors if division (C)(5)(a) applied. R.C. 2921.331(C)(5)(a) pertains to a failure-to-comply violation only if it is a third-degree felony. Foster was indicted for and pleaded guilty to a fourth-degree felony for failure to comply. Accordingly, division (C)(5)(a) did not apply, and the trial court was not required to consider the factors enumerated in R.C. 2921.331(C)(5)(b) before rendering its sentence for failure to comply. Foster's argument is wholly without merit, and we overrule the first assignment of error.

{¶5} In his second assignment of error, Foster argues that the trial court erred in imposing the maximum consecutive sentences for failure to comply and for receiving stolen property. Foster concedes that on the facts of this case, R.C. 2921.331(D) applies, which mandated that the trial court impose consecutive sentences for failure to comply and receiving stolen property. R.C. 2921.331(D) provides that "[i]f an offender is sentenced pursuant to division (C)(4)[2] or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender *shall* serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." (Emphasis added.) Foster argues that, nonetheless, the trial court was required to make findings under R.C. 2929.14(C)(4) before imposing the consecutive sentences on Foster. We disagree.

{¶6} R.C. 2929.14(C)(4) provides trial courts with discretion to impose consecutive sentences under certain circumstances, and requires trial courts to make specific findings before exercising that discretion. In contrast, under R.C. 2921.331(D), the trial court lacked discretion; rather, the trial court was required to impose the consecutive sentences. Accordingly, the trial court did not need to make findings under R.C. 2929.14(C)(4) before imposing consecutive sentences on Foster.

{¶7} Foster also argues under this assignment of error that the trial court did not adequately consider the R.C. 2929.12 factors when rendering its sentences for receiving stolen property and for failure to comply. Foster's argument here is not an argument

---

[2]R.C. 2921.331(C)(4) pertains to fourth-degree felonies for failure to comply.

against consecutive sentences, but, rather, an argument as to the length of those sentences.

{¶8} When a defendant argues that his sentence was imposed erroneously, our task is to meaningfully review the trial court's sentencing decision. *State v. Goins*, 8th Dist. No. 98256, 2013-Ohio-263, ¶ 6. An appellate court may modify or vacate a sentence only if it is clearly and convincingly contrary to law. R.C. 2953.08(G)(2). We conclude that the trial court engaged in a thorough analysis of the R.C. 2929.12 factors when rendering Foster's sentences, and we do not find the sentence clearly and convincingly contrary to law.

{¶9} R.C. 2929.11(A) sets forth that when a trial court sentences an offender for a felony conviction it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes," while ensuring that the sentence does not "impos[e] an unnecessary burden on state or local government resources." *Id.* In order to fulfill this purpose, the trial court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) states that a felony sentence must also "be reasonably calculated to * * * [be] commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." Finally, R.C. 2929.12 sets forth a nonexhaustive list of factors that a trial court must

consider when rendering its sentence so as to determine the seriousness of the offense and the likelihood of recidivism.

{¶10} Although a trial court is not required to use "'talismanic words to comply with the guidelines and factors for sentencing,'" it must be clear from the record that the trial court actually made the required statutory findings. *State v. Matthews*, 8th Dist. No. 97916, 2012-Ohio-5174, ¶ 48, quoting *State v. Brewer*, 1st Dist. No. C-000148, 2000 Ohio App. LEXIS 5455, *10 (Nov. 24, 2000). The requirements are satisfied "when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria." *Matthews*.

{¶11} In the instant case, the trial court imposed the maximum sentences, and stated on the record that, in doing so, it was considering the R.C. 2929.12 factors. First, the trial court found that "this is one of the worst forms of the offense * * *." Tr. 28. In support of this statement the trial court noted that Foster had "[his] young children in the car; that [he] almost hit a school bus filled with children, that [his] car spun out, almost hitting other cars in the street; that [he] took off at a high rate of speed," and then he "ran away, le[aving] [his] two seven-month-old twins to fend for themselves." Tr. 28. The trial court next considered the seriousness of the offense under R.C. 2929.12(B) stating that "[Foster's] children did suffer harm in this matter, they were thrown out of their car seats, in between the seats." Tr. 29. The trial court found that none of the other R.C. 2929.12(B) factors applied. *Id.* The trial court also considered the mitigation factors set

forth under R.C. 2929.12(C) and found that "[t]here are no substantial grounds that mitigate your conduct." *Id.*

**{¶12}** Turning to R.C. 2929.12(D), the trial court considered the likelihood of recidivism and found that Foster had "a history of criminal convictions" and that "[he] ha[d] not responded favorably to sanctions previously imposed." *Id.* at 30. The trial court noted that Foster had three previous cases, "one of which [the trial court] believe[d] [Foster] w[as] on probation for, [Foster] violated that by picking up the other cases * * *," and a prison sentence had been imposed. *Id.* The trial court also noted that Foster demonstrated a pattern of alcohol and drug-related offenses. After summarizing the factors making recidivism more likely, the trial court found only one factor making recidivism less likely: that Foster appeared to show genuine remorse now that he was sober. *Id.* Ultimately, "[t]hat [was] not enough for [the trial court] to overcome giving [Foster] what [it] believed was an appropriate sentence in this matter." *Id.*

**{¶13}** As the foregoing illustrates, when rendering its sentences, the trial court properly considered the seriousness of the offenses and the risk of recidivism, as required under R.C. 2929.12; and the sentences imposed comported with the sentencing purposes set forth in R.C. 2929.11. In short, the trial court touched every base in what was a very thorough sentencing hearing. Accordingly, the second assignment of error is without merit.

**{¶14}** The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR