[Cite as *State v. Back*, 2014-Ohio-1656.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

JAMIE L. BACK

      Defendant-Appellant


Appellate Case No.    2013-CA-62

Trial Court Case No.   2013-CR-0126


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of April, 2014.

. . . . . . . . . . .

LISA M. FANNIN, Assistant Clark County Prosecutor, Atty. Reg. No. 0082337, 50 East Columbia Street, P.O. Box 1608, Springfield, Ohio 45501
     Attorney for Plaintiff-Appellee


ANDREW M. ANASTASI, Atty. Reg. No. 0088440, 70 Birch Alley, Suite 240, Beavercreek, Ohio 45440
     Attorney for Defendant-Appellant


. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}  Defendant-appellant, Jamie Back, appeals from his prison sentence received in the Clark County Court of Common Pleas following his guilty plea to one count of breaking and entering and one count of failing to comply. For the reasons outlined below, the judgment of the trial court will be affirmed.

{¶ 2}  On May 27, 2013, Jamie Back pled guilty to one count of breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree, and one count of failing to comply with the order or signal of a police officer in violation of R.C. 2921.331(B), a felony of the fourth degree.  At sentencing, the trial court imposed a prison term of one year for the breaking and entering offense and a prison term of 18 months for the failure to comply offense.  The trial court also ordered these sentences to run consecutively for a total prison term of two and one-half years.

{¶ 3}  Appellant now appeals from the trial court's sentencing decision, raising one assignment of error. The State conceded error on appeal.

### Assignment of Error

{¶ 4}  Back's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN SENTENCING MR. BACK TO CONSECUTIVE MAXIMUM SENTENCES WITHOUT THE ANALYSIS REQUIRED BY R.C. 2929.14(C)(4).

{¶ 5}  Under this assignment of error, Back contends that the trial court erred in failing to make the required statutory findings in R.C. 2929.14(C)(4) before imposing consecutive

sentences. Back also contends that the sentencing transcript contains no reference to the purposes and principles of sentencing in R.C. 2929.11 and the recidivism sentencing factors in R.C. 2929.12.

## Standard of Review

**{¶ 6}** R.C. 2953.08(G)(2) is the appellate standard of review for all felony sentences, including consecutive sentences. *State v. Rodeffer*, 2013-Ohio-5759, ___N.E.2d___, ¶ 29 (2d Dist.); *State v. Mooty*, 2d Dist. Montgomery No. 25669, 2014-Ohio-733, ¶ 68. R.C. 2953.08(G)(2) states, in pertinent part, that:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a)  That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b)  That the sentence is otherwise contrary to law. R.C. 2953.08(G)(2).

## The Trial Court Was Not Required to Make the Consecutive Sentence Findings in R.C. 2929.14(C)(4)

{¶ 7}     As noted earlier, Back contends that the trial court erred in failing to make the required statutory findings in R.C. 2929.14(C)(4) before imposing consecutive sentences. Pursuant to R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if it finds that: (1) "consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" and; (3) one or more of the following three findings are satisfied:

(a)     The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(C)(4)(a)-(c).

{¶ 8}     In most cases, "[t]he trial court is not required to give reasons explaining these findings, nor is the court required to recite any 'magic' or 'talismanic' words when imposing consecutive sentences. * * * Nevertheless, the record must reflect that the court made the

findings required by the statute." *State v. Temple*, 2d Dist. Clark No. 2012-CA-65, 2013-Ohio-3843, ¶ 21, quoting *State v. Hubbard*, 10th Dist. Franklin No. 11AP-945, 2013-Ohio-2735, ¶ 86. (Other citation omitted.)

{¶ 9} Appellee, the State of Ohio, conceded error on grounds that the record does not show that the trial court made the consecutive sentence findings under R.C. 2929.14(C)(4). We have reviewed the record, and agree that the trial court did not make these findings. However, the record clearly indicates that the trial court imposed consecutive sentences pursuant to R.C. 2921.331(D). At sentencing, the trial court stated: "Under the failure to comply statute 2921.331(D), the failure to comply sentence must be run consecutively so I will order that that sentence will run consecutive." Disposition Trans. (June 28, 2013), p. 7, ln. 4-7.

{¶ 10} R.C. 2921.331 governs the offense of failing to comply with the order or signal of a police officer. Section (D) of the statute provides that: "If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." In other words, R.C. 2921.331(D) requires a trial court to impose consecutive sentences for certain violations of R.C. 2921.331(B). *State v. June*, 10th Dist. Franklin No. 12AP-901, 2013-Ohio-2775, ¶ 7; *State v. Wells*, 11th Dist. Ashtabula No. 2013-A-0014, 2013-Ohio-5821, ¶ 32.

{¶ 11} In *State v. Foster*, 8th Dist. Cuyahoga No. 98869, 2013-Ohio-2199, the Eighth District further explained that:

R.C. 2929.14(C)(4) provides trial courts with discretion to impose consecutive

sentences under certain circumstances, and requires trial courts to make specific findings before exercising that discretion. In contrast, under R.C. 2921.331(D), the trial court lacked discretion; rather, the trial court was required to impose the consecutive sentences. Accordingly, the trial court did not need to make findings under R.C. 2929.14(C)(4) before imposing consecutive sentences on [the defendant]. *Id*. at ¶ 6.

**{¶ 12}** In this case, Back pled guilty to failure to comply, a violation of R.C. 2921.331(B) as a fourth degree felony. He was, therefore, sentenced under R.C. 2921.331(C)(4). Because the trial court imposed a prison sentence under division (C)(4) of the statute, the court was required by R.C. 2921.331(D) to impose consecutive sentences. Accordingly, the trial court was not required to make the consecutive sentencing findings in R.C. 2929.14(C)(4) since consecutive sentences were already mandated by R.C. 2921.331(D).

<u>Back's Sentence Is Not Otherwise Contrary to Law</u>

**{¶ 13}** Back also implies that his sentence is contrary to law because the sentencing transcript does not reference the purposes and principles of sentencing in R.C. 2929.11 or the sentencing factors in R.C. 2929.12.

**{¶ 14}** "[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." *Rodeffer*, 2013-Ohio-5759, __N.E.2d__ at ¶ 32, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18. A sentence is also not contrary to law if, during the

sentencing hearing, a trial court fails to cite the purposes and principles of sentencing in R.C. 2929.11 or the sentencing factors of 2929.12, but does state in the final judgment entry that it had " 'considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and balanced the seriousness and recidivism factors [under] Ohio Revised Code Section 2929.12.' " *State v. Parker*, 193 Ohio App.3d 506, 2011-Ohio-1418, 952 N.E.2d 1159, ¶ 20 (2d Dist.), quoting *State v. Miller*, 2d Dist. Clark No. 09-CA-28, 2010-Ohio-2138, ¶ 43.

{¶ 15} Here, Back's 18-month prison sentence for failure to comply, as well as his one-year prison sentence for breaking and entering, fall within the prescribed statutory range for fourth and fifth-degree felonies. *See* R.C. 2929.14(A)(4) and (5). As a further matter, the trial court expressly stated in its Judgment Entry of Conviction that:

> The Court considered the record, oral statements of counsel, the defendant's statement, the defendant's prior criminal record, the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12. Judgment Entry of Conviction/Warrant for Removal (July 1, 2013), Clark County Court of Common Pleas Case No. 2013-CR-126, Docket No. 21, p. 1.

Therefore, the record sufficiently indicates that the trial court considered R.C. 2929.11 and R.C. 2929.12 when sentencing Back. For the foregoing reasons we do not clearly and convincingly find that Back's prison sentence is contrary to law.

{¶ 16} Because the trial court was not required to make the consecutive sentence findings under R.C. 2929.14(C)(4) and Back's prison sentence is not otherwise contrary to law,

we conclude that the prison sentence imposed by the trial court was not made in error. Back's sole assignment of error is overruled.

## Conclusion

{¶ 17}   Having overruled Back's sole assignment of error, and having concluded that the State wrongly conceded error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.
DONOVAN, J., concurs in judgment only.

Copies mailed to:

Lisa M. Fannin
Andrew M. Anastasi
Hon. Douglas M. Rastatter