[Cite as *State v. Cochran*, 2017-Ohio-217.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-33 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-683 |
| | : | |
| NICHOLAS COCHRAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of January, 2017.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
  Attorney for Plaintiff-Appellee

CHRIS BECK, Atty. Reg. No. 0081844, 1370 North Fairfield Road, Suite C, Beavercreek, Ohio 45432
  Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-appellant, Nicholas Cochran, appeals from the sentence he received in the Clark County Court of Common Pleas after pleading guilty to one count of involuntary manslaughter. Specifically, Cochran challenges the trial court's decision to impose the maximum allowable prison sentence for his offense, and in ordering the sentence to be served consecutively to a prison sentence he is currently serving in a separate case. For the reasons outlined below, the judgment of the trial court will be affirmed.

### I.  Facts and Course of Proceedings

**{¶ 2}** On December 28, 2015, the Clark County Grand Jury returned a five-count indictment charging Cochran with one count of involuntary manslaughter in violation of R.C. 2903.04(A), a felony of the first degree; one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B), a felony of the third degree; one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a), a felony of the first degree; one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), a felony of the second degree; and one count of operating a vehicle while under the influence of drugs or alcohol in violation of R.C. 4511.19(A)(1)(a), a misdemeanor offense. The charges arose after Cochran, who was intoxicated, crashed his vehicle into multiple parked cars while fleeing from a police officer who was attempting to stop him for a speeding violation. The collision resulted in the death of his passenger and girlfriend, Clarissa Smith.

**{¶ 3}** Following his indictment, Cochran entered a plea agreement and pled guilty

to the involuntary manslaughter charge in exchange for the State dismissing the remaining four charges. At the plea hearing, the trial court accepted Cochran's guilty plea to involuntary manslaughter, ordered a presentence investigation, and scheduled the matter for sentencing on April 29, 2016. At the sentencing hearing, the trial court imposed the maximum allowable prison sentence of 11 years and ordered the sentence to be served consecutively to a prison sentence Cochran was already serving in Clark County Case No. 2013-CR-329.

{¶ 4} Cochran now appeals from the sentence imposed by the trial court, raising one assignment of error for review.


## II. Assignment of Error

{¶ 5} Cochran's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE

OF ELEVEN YEARS AND IN IMPOSING A CONSECUTIVE SENTENCE

IN CASE NUMBER 13 CR 329 IN VIOLATION OF O.R.C. 2929.14.

{¶ 6} Under his sole assignment of error, Cochran contends that the trial court erred in imposing a maximum prison sentence of 11 years and in ordering the sentence to be served consecutively to his sentence in Case No. 2013-CR-329. We disagree.

{¶ 7} The Supreme Court of Ohio has made clear that felony sentences are to be reviewed in accordance with the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10, 16. *Accord State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.). Pursuant to the plain language of R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on

appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1. This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings. *Rodeffer* at ¶ 31, citing *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.). Furthermore, "it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* at ¶ 23.

### 1. The Trial Court Did Not Err in Imposing a Maximum Prison Sentence

{¶ 8} Cochran first contends that the trial court erred in imposing the maximum prison sentence of 11 years on grounds that the court allegedly failed to properly consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. Cochran specifically argues that he displayed genuine remorse at the sentencing hearing and that the trial court did not appropriately consider his remorse when sentencing him.

{¶ 9} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give reasons for imposing maximum or more than minimum sentences." (Citation omitted.)

*State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5797, ¶ 62. *Accord State v. Terrel*, 2d Dist. Miami No. 2014-CA-24, 2015-Ohio-4201, ¶ 14. "However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." *State v. Castle*, 2016-Ohio-4974, ___N.E.3d ___, ¶ 26 (2d Dist.), citing *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.). (Other citation omitted.) "Therefore, 'a maximum sentence is not contrary to law when it is within the statutory range and the trial court considered the statutory purposes and principles of sentencing as well as the statutory seriousness and recidivism factors.' " *State v. Walden*, 2d Dist. Clark No. 2014-CA-84, 2016-Ohio-47, ¶ 7, quoting *State v. Martin*, 2d Dist. Clark No. 2014-CA-69, 2015-Ohio-697, ¶ 8.

{¶ 10} A defendant's sentence is not contrary to law when the trial court expressly states in its sentencing entry that it had considered the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, but neglected to mention those statutes at the sentencing hearing. *State v. Battle*, 2d Dist. Clark No. 2014-CA-5, 2014-Ohio-4502, ¶ 15, citing *State v. Miller*, 2d Dist. Clark No. 09-CA-28, 2010-Ohio-2138, ¶ 43. " '[E]ven if there is no specific mention of those statutes in the record, "it is presumed that the trial court gave proper consideration to those statutes." ' " *State v. English*, 2d Dist. Montgomery No. 26337, 2015-Ohio-1665, ¶ 22, quoting *State v. Cave*, 2d Dist. Clark No. 09-CA-6, 2010-Ohio-1237, ¶ 10, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, fn. 4. *Accord State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus ("[a] silent record raises the presumption that a trial court considered the factors contained

in R.C. 2929.12").

{¶ 11} Here, the maximum 11-year prison sentence imposed by the trial court was within the authorized statutory range and the trial court stated in its sentencing entry that it had considered "the record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12." Judgment Entry of Conviction (Apr. 29, 2016), Clark County Court of Common Pleas Case No. 2015-CR-683, Docket No. 30, p. 1. Accordingly, the 11-year prison sentence imposed by the trial court is not clearly and convincingly contrary to law. Therefore, we may only vacate or modify the sentence if we find by clear and convincing evidence that the record does not support the 11-year sentence imposed by the trial court.

{¶ 12} We do not, however, find clear and convincing evidence that the record does not support Cochran's sentence. The record indicates that Cochran's involuntary manslaughter offense arose from an automobile collision that resulted in the death of Cochran's passenger, Clarissa Smith, who was the mother of two young children, one of which is Cochran's. The collision occurred while Cochran was fleeing from the police in his vehicle after he failed multiple times to comply with the order or signal of a police officer to stop his vehicle for a traffic stop, as Cochran committed multiple traffic violations during the course of the offense. At the time of the collision, Cochran was driving between 88 to 105 miles per hour in a residential 35 mile per hour zone while intoxicated. The record indicates that Cochran drank a fifth of Jägermeister and smoked marijuana prior to the collision. Cochran also had an indefinite suspension on his driver's license and was not legally permitted to drive in Ohio. The record further indicates that Cochran

was on probation at the time of the incident and had a warrant out for driving under suspension. Additionally, Cochran had previously been adjudicated a delinquent child and had multiple criminal convictions, including a prior OVI offense and a fleeing and eluding offense from 2010 and 2012. The record further indicates that the loss of Clarissa Smith's life in the collision has had a painful impact on her family, which will undoubtedly continue into the future.

{¶ 13} While the record shows that Cochran has genuine remorse for his actions, remorse is only one of the recidivism factors in R.C. 2929.12 to be weighed in the trial court's sentencing determination. (Citation omitted.) *State v. Masterson*, 11th Dist. Portage No. 2009-P-0064, 2010-Ohio-4939, ¶ 18. *See also State v. Foster*, 8th Dist. Cuyahoga No. 98869, 2013-Ohio-2199, ¶ 12-13; *State v. Vanover*, 4th Dist. Lawrence No. 98CA38, 1999 WL 354337, *7 (May 18, 1999). Given the facts of the case, the trial court was free to conclude that Cochran's remorse was outweighed by his egregious and ultimately fatal conduct.

{¶ 14} For the foregoing reasons, we do not find that the trial court erred in sentencing Cochran to a maximum 11-year prison term for his involuntary manslaughter offense.


*2. The Trial Court Did Not Err in Ordering Consecutive Sentences*

{¶ 15} Cochran next contends that the trial court erred in imposing consecutive sentences on grounds that it did not make the necessary consecutive-sentence findings required by R.C. 2929.14(C)(4). Pursuant to R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if it determines that: (1) consecutive service is necessary

to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied.

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 16} " '[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.' " *State v. Bittner*, 2d Dist. Clark No. 2013-CA-116, 2014-Ohio-3433, ¶ 11, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659 at ¶ 37. Moreover, the trial court is not required "to recite any 'magic' or 'talismanic' words when imposing consecutive

sentences." *State v. Horobin*, 2d Dist. Montgomery No. 26639, 2015-Ohio-5300, ¶ 7, quoting *State v. Graham*, 2d Dist. Montgomery No. 25934, 2014-Ohio-4250, ¶ 36. (Other citation omitted.) As stated by the Supreme Court, "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29.

{¶ 17} Contrary to Cochran's claim otherwise, the record establishes that the trial court made all the required consecutive-sentence findings at the sentencing hearing, as the trial court stated the following:

> I do find that consecutive sentences are necessary to protect the public from future crime and to punish the defendant. That they are not disproportionate to the seriousness of his conduct and to the danger he poses to the public. That his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant, so that [the] sentence of eleven (11) years will run consecutively to the sentence he's presently serving in Case #13-CR-329.

Sentencing Trans. (Apr. 29, 2016), p. 9-10. These findings were also reflected in the sentencing entry issued by the trial court. *See* Judgment Entry of Conviction (Apr. 29, 2016), Clark County Court of Common Pleas Case No. 15-CR-683, p. 1.

{¶ 18} R.C. 2953.08(G)(2) provides, in relevant part, that where a trial court properly makes the consecutive-sentence findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences

unless it first clearly and convincingly finds that the record does not support the trial court's findings. Given Cochran's egregious conduct at the time of the collision, the great harm and loss his conduct caused to others, his prior criminal history consisting of an OVI and a fleeing and eluding offense, which demonstrate a pattern of running from police and dangerous behavior while driving, we do not clearly and convincingly find that the record does not support the trial court's consecutive-sentence findings.

**{¶ 19}** For the foregoing reasons, the trial court did not err in ordering Cochran's 11-year prison term to run consecutively to his prison sentence in case No. 2013-CR-329.

**{¶ 20}** Cochran's sole assignment of error is overruled.

### III. Conclusion

**{¶ 21}** Having overruled Cochran's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, P.J. and HALL, J., concur.

Copies mailed to:

Megan M. Farley
Chris Beck
Hon. Douglas M. Rastatter