[Cite as *State v. Hanshaw*, 2024-Ohio-253.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                    :

                                 No. 112904

    v.                                            :

KEVIN HANSHAW,                                    :

    Defendant-Appellant.                   :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** January 25, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-22-670066-A and CR-22-674940-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carley Berman, Assistant Prosecuting Attorney, *for appellee.*

Edward F. Borkowski, Jr., *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Kevin Hanshaw ("Hanshaw") appeals his five and one-half to six and one-half year prison sentence, which was imposed after he pled guilty to drug possession, failure to comply, resisting arrest, and having weapons while under disability. After reviewing the facts of the case and pertinent law, we vacate

Hanshaw's sentence and remand this case to the trial court for a resentencing hearing. Specifically, we find that the trial court erred by not making the required findings under R.C. 2929.14(C)(4) when ordering that Hanshaw's prison sentences for drug possession and having weapons while under disability be served consecutively.

## I.    Facts and Procedural History

{¶ 2} On May 23, 2023, Hanshaw pled guilty in Cuyahoga C.P. No. CR-22-670066-A to drug possession in violation of R.C. 2925.11(A)(2), a second-degree felony; failure to comply with order or signal of police officer in violation of R.C. 2921.331(B), a third-degree felony; and resisting arrest in violation of R.C. 2921.33, a second-degree misdemeanor. That same day, Hanshaw also pled guilty in Cuyahoga C.P. No. CR-22-674940-A to having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony.

{¶ 3} On June 20, 2023, the court sentenced Hanshaw to an indefinite term of two-to-three years in prison for drug possession, 30 months in prison for failure to comply, and 90 days' incarceration for resisting arrest in CR-22-670066-A. The court ran the sentences for drug possession and failure to comply consecutive to one another but concurrent to the 90-day sentence for the misdemeanor. Hanshaw's total sentence in CR-22-670066-A is four and one-half to five and one-half years in prison. The court also sentenced Hanshaw to one year in prison for having weapons while under disability in CR-22-674940-A and ran this consecutive to his sentence

in CR-22-670066-A. Hanshaw's aggregate prison sentence in both cases at issue in this appeal is five and one-half to six and one-half years in prison.

{¶ 4} Hanshaw appeals raising two assignments of error for our review:

I. The trial court erred by imposing consecutive sentences without making the necessary statutory findings.

II. Appellant's sentence is contrary to law because the trial court failed to properly consider and weigh the relevant statutory factors.

{¶ 5} For ease of discussion, we address Hanshaw's assignments of error out of order.

## II. Law and Analysis

### A. Felony Sentencing

{¶ 6} R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under * * * (C)(4) of section 2929.14 * * *" or (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39, the Ohio Supreme Court clarified that R.C. 2953.08(G)(2) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."

{¶ 7} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

{¶ 8} Pursuant to R.C. 2929.11(A), the three overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others," "to punish the offender," and "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Additionally, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 9} Furthermore, in imposing a felony sentence, "the court shall consider the factors set forth in [R.C. 2929.12(B) and (C)] relating to the seriousness of the conduct [and] the factors provided in [R.C. 2929.12(D) and (E)] relating to the likelihood of the offender's recidivism * * *." R.C. 2929.12. However, this court has held that "[a]lthough the trial court must consider the principles and purposes of sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its

consideration of those factors." *State v. Carter*, 8th Dist. Cuyahoga No. 103279, 2016-Ohio-2725, ¶ 15.

{¶ 10} In his second assignment of error, Hanshaw argues that the trial court failed to consider the statutory factors regarding felony sentencing. Specifically, Hanshaw argues that "the non-minimum, consecutive sentence imposed does not reflect the significant mitigation that was before the court. Hanshaw had a difficult upbringing and suffers from significant physical and mental health issues," in addition to a severe drug addiction. We note that Hanshaw does not challenge the postrelease control aspect of his sentence or that his sentence was within the statutory range.

{¶ 11} Our review of the record shows that the trial court considered the following at Hanshaw's sentencing hearing relating to R.C. 2929.11 and 2929.12.

{¶ 12} The court found that Hanshaw "put everybody else's life in danger" by engaging police in a high-speed car chase. "And to avoid capture, you went on one of the more dangerous chases I've seen in a while. Particularly * * * by going [i]n to oncoming traffic." The court found that there were "so many cars on the road" and Hanshaw "reach[ed] up to 120 miles an hour, around an eight-minute case, you did pass one red light when you were going on and off and you almost caused many, many accidents." Additionally, the court found that Hanshaw "could have taken out whole families" by driving into oncoming traffic. "Anybody who was in a car that you would have crashed into would have been devastated, so you're very, very lucky

in that regard that you're not only living with potential paralyzation but also living with the fact that you possibly had killed somebody."

{¶ 13} Upon review, we find that the findings made on the record at the sentencing hearing demonstrate that the court considered the R.C. 2929.11 and 2929.12 factors of protecting the public from future crime by Hanshaw, punishing Hanshaw, and the seriousness of Hanshaw's conduct. Furthermore, the sentencing journal entry states that the court "considered all required factors of the law" and that "the court finds that prison is consistent with the purpose of R.C. 2929.11." This court has consistently held that a "statement in the sentencing journal entry showing that the trial court considered the required statutory factors, without more, is sufficient to fulfill a trial court's obligations under the sentencing statutes." *State v. Riemer*, 8th Dist. Cuyahoga No. 110314, 2021-Ohio-4122, ¶ 18. In the case at hand, the court stated in its journal entry that it considered the required statutory factors and it made specific findings on the record at the sentencing hearing.

{¶ 14} Accordingly, Hanshaw's second assignment of error is overruled.

### B. Consecutive Sentences

{¶ 15} "[T]o impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Pursuant to R.C. 2929.14(C)(4), the court must find consecutive sentences are "necessary to protect the public from future crime or to punish the offender"; "not

disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and at least one of the following three factors:

>  (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under post-release control for a prior offense.

>  (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

>  (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 16} R.C. 2953.08(G)(2), which guides our review of consecutive-felony sentences, "compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under * * * (C)(4) of section 2929.14[.]" *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 22; *see also Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 28; *State v. Roberts*, 2017-Ohio-9014, 101 N.E.3d 1067, ¶ 10 (8th Dist.) ("[i]f the court made the required findings in order to impose consecutive sentences, we must affirm those sentences unless we 'clearly and convincingly' find that the record does not support the court's findings," quoting R.C. 2953.08(G)(2)); *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 19 (8th Dist.).

{¶ 17} The statute is written in the negative; that is, an appellate court does not need to clearly and convincingly find that the record supports the findings to

affirm, but instead must clearly and convincingly find that the record does not support the findings to reverse or modify a sentence. *Roberts* at ¶ 10.

{¶ 18} However, in certain limited circumstances, a court is required to impose consecutive sentences without regard to the dictates of R.C. 2929.14(C)(4). Pursuant to R.C. 2929.14(C)(3) and 2921.331(D), if the court imposes a prison term for failure to comply in violation of R.C. 2921.331(B), as it did in the instant case, "the offender shall serve that prison term consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender." R.C. 2929.14(C)(3).

{¶ 19} In Hanshaw's first assignment of error, he argues that the trial court erred by making none of the R.C. 2929.14(C)(4) findings when imposing consecutive sentence in the case at hand. Rather, Hanshaw argues, the court explained that "under [R.C.] 2921.331 [and R.C. 2929.14(C)(3)], it's mandatory consecutives, so I don't need to make the consecutive sentences findings."

{¶ 20} To support this argument, Hanshaw cites *State v. Dranse*, 8th Dist. Cuyahoga No. 111627, 2023-Ohio-1475. In *Dranse*, this court affirmed the imposition of consecutive sentences for failure to comply and attempted aggravated murder of a peace officer convictions despite the trial court not making findings regarding this sentence. *Id.* at ¶ 35. However, this court sustained the appellant's assignment of error as related to the imposition of consecutive sentences on an additional conviction for attempted aggravated murder of a peace officer, because the court failed to make findings under R.C. 2929.14(C)(4). *Id.*

{¶ 21} Additionally, in *State v. Parker*, 8th Dist. Cuyahoga No. 105361, 2018-Ohio-579, ¶ 43, this court reasoned that "if the trial court had ordered Parker's sentence for attempted felonious assault to run concurrent to his sentence for trafficking, and then ordered his sentence for failure to comply to run consecutive to both, it would not have been required to make the R.C. 2929.14(C)(4) findings."

> The requirements of R.C. 2929.14(C)(4) are only implicated when a trial judge exercises his or her discretion to impose consecutive sentences. * * * Because R.C. 2921.331(D) did not require Parker's sentences for all three charges to be served consecutively, the trial court was required to comply with R.C. 2929.14(C)(4) before imposing consecutive sentences for trafficking and attempted felonious assault.

*Id.* at ¶ 43-44.

{¶ 22} At the sentencing hearing in the case at hand, the court stated that "the failure to comply is also mandatory consecutive sentence with any other prison sentence * * *. As I stated under 2921.331, it's mandatory consecutives, so I don't need to make the consecutive sentences findings." The court ran the sentences for failure to comply, drug possession, and having weapons while under disability "consecutive to one another." The court did not make any findings under R.C. 2929.14(C)(4).

{¶ 23} Because we clearly and convincingly find that the record does not support consecutive sentences other than the sentence for failure to comply, under R.C. 2953.08(G)(2) we must vacate Hanshaw's sentence and remand this case to the trial court for a resentencing hearing consistent with this opinion.

{¶ 24} Sentence vacated and case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

EMANUELLA D. GROVES, J., CONCURS;
MARY EILEEN KILBANE, P.J., DISSENTS