[Cite as *State v. Conley*, 2025-Ohio-5525.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                             No. 115106

    v.                            :

TYLER CONLEY,                           :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 11, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-692378-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Stephen Vernia, Assistant Prosecuting Attorney, *for appellee*.

Allison S. Breneman, *for appellant*.

DEENA R. CALABRESE, J.:

{¶ 1} Appellant Tyler Conley appeals the trial court's imposition of consecutive sentences following his guilty pleas to charges of failure to comply, breaking and entering, and attempted theft. Appellant contends that the consecutive sentences should be vacated because (1) the trial court failed to make all

the requisite findings for the imposition of consecutive sentences under R.C. 2929.14(C)(4), and (2) the record does not support the imposition of consecutive sentences. Finding no merit to the appeal, we affirm.

## I. Procedural History and Facts

{¶ 2} On December 8, 2023, in Cuyahoga C.P. No. CR-23-686763-A, the Cuyahoga County Grand Jury returned a three-count indictment charging appellant with the following offenses:

Count 1: breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree;

Count 2: grand theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree; and

Count 3: possessing criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree, with a specification for forfeiture of property pursuant to R.C. 2941.1417(A).

{¶ 3} On June 20, 2024, in Cuyahoga C.P. No. CR-24-692378-A, the Grand Jury returned a four-count indictment charging appellant with the following offenses:

Count 1: failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), a felony of the third degree;

Count 2: failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), a felony of the fourth degree;

Count 3: aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree; and

Count 4: criminal damaging or endangering in violation of R.C. 2909.06(A)(1), a misdemeanor of the first degree.

Counts 1 and 2 also contained specifications for forfeiture of property pursuant to R.C. 2941.1417(A).

{¶ 4} According to the indictments and facts placed on the record, CR-23-686763 arose from a September 27, 2023 late-night break-in at a Parma motorcycle dealership resulting in the theft of a new 2024 Honda CRF450 motorcycle. Security footage depicted appellant's truck outside the dealership shortly before the break-in. Appellant, driving the same truck, was later stopped by police for several traffic offenses. Police seized his phone and obtained a warrant to search it. The search revealed numerous photos of the stolen motorcycle. The search also revealed that within 30 minutes of the break-in, appellant had downloaded an operating manual for the motorcycle.

{¶ 5} CR-24-692378 stemmed from an attempted traffic stop on May 24, 2024. Appellant was driving the same or similar Honda motorcycle on a Parma sidewalk.[1] Police attempted a traffic stop, but appellant fled on the motorcycle. Officers pursued appellant, who later crashed the motorcycle. They promptly arrested appellant and found he was carrying Oxycodone. While in county jail, appellant made recorded phone calls lamenting that he did not flee through a wooded area to evade capture.

---

[1] The 2023 indictment identifies the Honda motorcycle as a 2024 Honda CRF450, but does not include a VIN. The 2024 indictment identifies the seized motorcycle as a 2024 Honda CRF-450 R and specifies a VIN. In a twist on the Ship of Theseus, the prosecution explained that "the body itself" of the motorcycle "was different," but that "most of the parts [were believed] to be the same." The prosecution further explained that this was a "high-end dirt bike" and "the belief is that [appellant] removed the serial numbers from the significant parts and then bought a new outer shell to put on it." (Tr. 23-24.)

{¶ 6} On March 19, 2025, following discovery and pretrial proceedings, appellant appeared before the trial court for a plea hearing. In CR-23-686763, appellant pled guilty to Count 1, breaking and entering, a felony of the fifth degree, and to an amended Count 2, attempted theft, a felony of the fifth degree. In CR-24-692378, appellant pled guilty to Count 2, failure to comply, a felony of the fourth degree.

{¶ 7} Prior to accepting appellant's plea, the trial court informed appellant of the potential sanctions associated with each count. Its admonitions included the following:

> The felony of the fourth degree has the potential for a term in prison of nine, 12, 18, 24, 30 or 36 months, a fine up to $10,000. *The felony of the fourth degree failure to comply has the stipulation that any prison sentence imposed, that count must be consecutive to any other prison term.*

(Emphasis added.) (Tr. 10.)

{¶ 8} Appellant appeared for sentencing on April 16, 2025. The prosecution acknowledged that appellant "does not have a significant criminal record, outside of some juvenile cases," but that he did "have quite a few traffic offenses from in and around Parma, normally for these motorcycle-related offenses." (Tr. 22.) The prosecution deferred to the court with respect to sentencing, apart from asking for restitution for the stolen motorcycle and a lock that was cut from the dealership's front door. (Tr. 22-23.)

{¶ 9} Following discussion of restitution, the trial court noted "a couple of disturbing things about this matter," including appellant's decision to flee from

police in the second case after he had already been indicted in the first case. (Tr. 26.) The trial court remarked that appellant appeared determined to evade capture and "try to escape in any way possible," even attempting to run away after crashing the motorcycle. (Tr. 26.) The court ordered restitution and then sentenced appellant to prison as follows:

> In case 692378, failure to comply, I'm going to sentence you to 18 months at Lorain Correctional Institution. In case 686763 I'm going to sentence you on Count 1, six months in Lorain Correctional Institution, and Count 2 six months at Lorain Correctional Institution. Concurrent to each other *but consecutive pursuant to law* in case 692378.

(Emphasis added.) (Tr. 27.) In total, the trial court imposed an aggregate sentence of 24 months in prison.

## II. Assignment of Error

{¶ 10} Appellant presents a single assignment of error for review:

The trial court erred by ordering a consecutive sentence to case 686763.

{¶ 11} We find no merit to the assignment of error, but for different reasons than those argued by the State. The record reflects that the trial court properly tied the imposition of consecutive sentences not to findings pursuant to R.C. 2929.14(C)(4) but instead to the consecutive-sentence mandate codified at R.C. 2921.331(D). That statute specifically requires that any prison term imposed for failure to comply, as a felony of the fourth degree, be served consecutively to any other term of imprisonment.

## III. Analysis

{¶ 12} Pursuant to R.C. 2953.08(G)(2), "[a]n appellate court may modify or vacate a sentence only if it is clearly and convincingly contrary to law." *State v. Foster*, 2013-Ohio-2199, ¶ 8 (8th Dist.). *See also State v. Parker*, 2018-Ohio-579, ¶ 40 (8th Dist.). Moreover, we will "affirm a trial court's judgment that is legally correct on other grounds; i.e., one that reaches the right result for the wrong reason, because such an error is not prejudicial." *State v. Brown*, 2019-Ohio-3773, ¶ 25 (8th Dist.).

{¶ 13} In this case, unlike in *Brown*, the record reflects that the trial court reached the right result for the right reason. Only the parties appear to be confused. Appellant argues that "[t]he Trial Court failed to make any of the requisite factual finding under R.C. 2929.14(C) for consecutive sentences here and failed to include them in its Journal Entry" and further that "[t]his failure by the trial court violated R.C. 2929.14(C)(4), 2953.08(G)(2), and the relevant case law on the issue, making Mr. Conley's sentence contrary to law." (Appellant's brief at p. 5.) The State counters that the trial court "made the necessary findings under R.C. 2929.14(C)(4) to impose consecutive sentences" and that the record supports those findings. (State's brief at p. 5.) Both parties appear to have overlooked the consecutive-sentence mandate flowing from the prison sentence imposed for failure to comply.

{¶ 14} As to Count 2 of CR-24-692378, appellant pled guilty to failure to comply in violation of R.C. 2921.331(B), a felony of the fourth degree pursuant to R.C. 2921.331(C)(3). The trial court sentenced appellant to 18 months in prison on

that count.[2]  The trial court's imposition of a prison term for failure to comply triggered the application of R.C. 2921.331(D), which provides:

> If an offender is sentenced to a prison term for a violation of division (B) of this section, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender.

{¶ 15} In this context, "a trial court has no discretion in the decision to impose a consecutive sentence for a violation of R.C. 2921.331(B)." *State v. Banks*, 2003-Ohio-1530, ¶ 19 (8th Dist.).  Instead, R.C. 2921.331(D) "imposes a mandatory consecutive sentence for violations of R.C. 2921.331(B)." *Id.*  In other words, this is one of the "limited circumstances" in which "a court is required to impose consecutive sentences *without regard to the dictates of R.C. 2929.14(C)(4)*." (Emphasis added.)  *State v. Hanshaw*, 2024-Ohio-253, ¶ 18 (8th Dist.).  Accordingly,

> although R.C. 2929.14(C)(4) provides trial courts with discretion to impose consecutive sentences under certain circumstances and requires trial courts to make specific findings before exercising that discretion, R.C. 2921.331(D) and 2929.14(C)(3) remove that discretion and require the trial court to order any prison sentence consecutive to any other prison sentence.

*State v. Lopez*, 2024-Ohio-4584, ¶ 26 (8th Dist.).  Because the statute strips the trial court of discretion with respect to the imposition of consecutive sentences in this context, a trial court does "not need to make findings under R.C. 2929.14(C)(4)

---

[2] Appellant has not argued that the trial court's decision to impose an 18-month sentence for failure to comply was outside the statutory range or otherwise contrary to law. Appellant has also raised no challenge to the trial court's plea colloquy.

before ordering [a prison] sentence for the failure-to-comply offense to be served consecutive to any other prison offense because the consecutive nature of the sentence [arises] by operation of law." *Id. See also Foster*, 2013-Ohio-2199, at ¶ 6 (8th Dist.) (Pursuant to R.C. 2921.331(D), trial court "lacked discretion" and therefore "did not need to make findings under R.C. 2929.14(C)(4) before imposing consecutive sentences[.]"); *State v. Harper*, 2017-Ohio-8963, ¶ 16 (1st Dist.) ("The consecutive-sentencing provisions of R.C. 2929.14(C)(4) are inapposite when the trial court is required to impose consecutive sentences by operation of law under R.C. 2921.331(B)."); *Parker*, 2018-Ohio-579, at ¶ 43 (8th Dist.) ("The requirements of R.C. 2929.14(C)(4) are only implicated when a trial judge exercises his or her discretion to impose consecutive sentences[,]" and therefore "the trial court need not make these findings when consecutive sentences are required as a matter of law."); *State v. Back*, 2014-Ohio-1656, ¶ 12 (2d Dist.).

{¶ 16} The Second District's decision in *Back* is instructive because it parallels, in some respects, the oversights in the parties' briefing of this appeal. In *Back*, the State "conceded error on grounds that the record does not show that the trial court made the consecutive sentence findings under R.C. 2929.14(C)(4)." *Id.* at ¶ 9. The Second District reviewed the record and agreed "that the trial court did not make these findings." *Id.* It found, however, that "the record clearly indicates that the trial court imposed consecutive sentences pursuant to R.C. 2921.331(D)," which "requires a trial court to impose consecutive sentences for certain violations of R.C. 2921.331(B)." *Id.* at ¶ 9-10. The *Back* Court cited this court's decision in *Foster* for

the proposition that no R.C. 2929.14(C)(4) findings were required in this context, and ultimately upheld the consecutive sentence because "consecutive sentences were already mandated." *Id*. at ¶ 11-12.

{¶ 17} Here, the trial court imposed sentences of six months on each count in CR-23-686763, to be served concurrently to each other. In CR-24-692378, it imposed a sentence of 18 months, "consecutive pursuant to law" to the concurrent six-month sentences. (Tr. 27.) The transcript, including remarks at both the plea hearing and sentencing, reflects that the trial court understood that it was imposing a mandatory consecutive sentence as required by R.C. 2921.331(D). At the plea hearing, it noted that the "felony of the fourth degree failure to comply has the stipulation that any prison sentence imposed . . . must be consecutive to any other prison term." (Tr. 10.) This is essentially a recitation of the R.C. 2921.331(D) mandate. Furthermore, as noted directly above, the trial court stated at the sentencing hearing that the prison term for failure to comply would be served "consecutive pursuant to law." (Tr. 27.) There was no error.[3]

{¶ 18} Finally, it makes no difference that the failure-to-comply sentence and the remaining sentences were imposed in separate cases. "The consecutive sentence mandate in R.C. 2921.331(D) extends to any other term of imprisonment, no matter

---

[3] The trial court imposed only a single consecutive sentence as mandated by law. This case, therefore, does not raise the complexities this court has previously encountered where a trial court imposed multiple consecutive sentences, only one of which flowed from the mandate of R.C. 2921.331(D). *See, e.g., Hanshaw*, 2024-Ohio-253, at ¶ 18-23 (8th Dist.); *Parker*, 2018-Ohio-579, at ¶ 43-44 (8th Dist.).

if the sentence is being imposed on the same or different case." *State v. Perry*, 2015-Ohio-1542, ¶ 11 (8th Dist.), citing *State v. Spicer*, 2010-Ohio-61, ¶ 19 (8th Dist.).

{¶ 19} The trial court's mandatory imposition of consecutive sentences in this case was not contrary to law. Appellant's sole assignment of error is overruled.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
LISA B. FORBES, J., CONCUR