[Cite as *State v. McCoy*, 2016-Ohio-7415.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-28 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-500 |
| | : | |
| LANNIE MCCOY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of October, 2016.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Clark County Prosecuting Attorney, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
 Attorney for Plaintiff-Appellee

MARK J. BAMBERGER, Atty. Reg. No. 0082053, 140 East Broadway Avenue, Tipp City, Ohio 45371
 Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Lannie McCoy, appeals from the prison sentence he received in the Clark County Court of Common Pleas after he entered an Alford plea to one count of child endangerment. For the reasons outlined below, the judgment of the trial court will be affirmed.

{¶ 2} On September 28, 2015, the Clark County Grand Jury returned an indictment charging McCoy with one second-degree-felony count of endangering children in violation of R.C. 2919.22(B)(1) and one third-degree-felony count of endangering children in violation of R.C. 2919.22(A). The charges stem from severe injuries inflicted upon a five-month-old baby that was in McCoy's care while the biological mother, his live-in girlfriend, was at work. McCoy, who at the time was 21 years of age and not the father of the child, allegedly dropped the baby, which bounced off a mattress and hit its head on a wood floor. Following the incident, McCoy failed to tell anyone about what had happened even though the child was acting peculiar after the incident and even after the child was taken to the hospital two days later and diagnosed with a subdural hematoma and a broken leg. Upon receiving the child, the hospital instituted investigatory proceedings by social services and law enforcement and McCoy was interviewed by the Clark County Sheriff's Department the following day. During the interview, McCoy initially denied any wrongdoing; however, shortly after the interview, he eventually returned to the sheriff's department and confessed to dropping the baby.

{¶ 3} Although he initially pled not guilty to the charges, McCoy later accepted a plea agreement in which he agreed to enter an Alford plea to the third-degree-felony charge of child endangerment in exchange for the State dismissing the second-degree-

felony charge. The trial court ordered a presentence investigation report prior to sentencing, and after reviewing the report and hearing the statements of the defendant and counsel, the trial court sentenced McCoy to serve the maximum allowable prison term of three years.

{¶ 4} McCoy now appeals from his sentence, raising the following single assignment of error for review:

THE TRIAL COURT ERRED WHEN IT FAILED TO CONSIDER THE MITIGATING CIRCUMSTANCES ARGUED IN THE DEFENDANT'S SENTENCING STATEMENT.

{¶ 5} Under his sole assignment of error, McCoy contends the trial court erred in failing to consider certain mitigating factors related to sentencing, including the alleged accidental nature of the injuries to the baby, McCoy's lack of experience caring for babies, his remorse, his youth, his lack of criminal history, and his low risk of recidivism. According to McCoy, the court's decision to impose a maximum prison sentence without overtly considering these factors on the record amounts to an abuse of discretion and warrants resentencing. We disagree.

{¶ 6} This court no longer applies an abuse of discretion standard when reviewing felony sentences, as the Supreme Court of Ohio has made clear that felony sentences are to be reviewed in accordance with the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ___ N.E.3d ___, ¶ 10, 16. *Accord State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069 (2d Dist.). Pursuant to the plain language of R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record

does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1.

{¶ 7} The Supreme Court in *Marcum* further explained that:

[S]ome sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*Id.* at ¶ 23.

{¶ 8} In this case, the trial court was not required to make any findings under the relevant statutes addressed in R.C. 2953.08(G)(2); therefore, the threshold issue is whether McCoy's maximum prison sentence is clearly and convincingly contrary to law. If we determine that the sentence is not clearly and convincingly contrary to law, in order to vacate the sentence as McCoy requests, we must find by clear and convincing evidence that the record does not support the sentence.

{¶ 9} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5797, ¶ 62. *Accord State v. Terrel*, 2d Dist. Miami No. 2014-CA-24, 2015-Ohio-4201, ¶ 14. "However, in

exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." *State v. Castle*, 2016-Ohio-4974, ___ N.E.3d ___, ¶ 26 (2d Dist.), citing *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.). (Other citation omitted.) "Therefore, 'a maximum sentence is not contrary to law when it is within the statutory range and the trial court considered the statutory purposes and principles of sentencing as well as the statutory seriousness and recidivism factors.' " *State v. Walden*, 2d Dist. Clark No. 2014-CA-84, 2016-Ohio-47, ¶ 7, quoting *State v. Martin*, 2d Dist. Clark No. 2014-CA-69, 2015-Ohio-697, ¶ 8.

{¶ 10} Moreover, a defendant's sentence is not contrary to law when the trial court expressly states in its sentencing entry that it had considered the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, but neglected to mention those statutes at the sentencing hearing. *State v. Battle*, 2d Dist. Clark No. 2014 CA 5, 2014-Ohio-4502, ¶ 15, citing *State v. Miller*, 2d Dist. Clark No. 09-CA-28, 2010-Ohio-2138, ¶ 43. " 'Furthermore, even if there is no specific mention of those statutes in the record, "it is presumed that the trial court gave proper consideration to those statutes." ' " *State v. English*, 2d Dist. Montgomery No. 26337, 2015-Ohio-1665, ¶ 22, quoting *State v. Cave*, 2d Dist. Clark No. 09-CA-6, 2010-Ohio-1237, ¶ 10, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, fn. 4. *Accord State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus, ("[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12").

{¶ 11} Here, the prison sentence imposed by the trial court was within the

authorized statutory range and the trial court stated in its sentencing entry that it had considered "the record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under [R.C. 2929.11], and then balanced the seriousness and recidivism factors under [R.C. 2929.12]." Judgment Entry of Conviction (Apr. 6, 2016), Clark County Court of Common Pleas Case No. 2015-CR-500, Docket No. 28, p. 1. Accordingly, the sentence is not clearly and convincingly contrary to law. Therefore, we may only vacate or modify McCoy's sentence if we find by clear and convincing evidence that the record does not support the maximum three-year sentence imposed by the trial court.

{¶ 12} We do not, however, find clear and convincing evidence that the record does not support McCoy's sentence. The record indicates that on the morning of April 14, 2015, McCoy dropped a five-month-old baby while tossing it in the air after being awakened by the baby's crying. Even taking McCoy's version of events as true, i.e. that dropping the baby was an accident, it is clear from the record that McCoy told no one about the incident until three days later, despite the baby bouncing off a mattress and hitting its head on a wood floor, and despite noticing that the baby was acting strange following the incident. The trial court could have concluded that Brewer's failure to take the baby to a doctor or to tell the mother or anyone else about what had happened is reprehensible.

{¶ 13} McCoy's initial behavior is compounded by the fact that he did not say anything to medical staff about the incident when the baby was eventually taken to the hospital on April 16, 2015. Although McCoy eventually told the Clark County Sheriff's Department that he had dropped the baby, his confession came three days after the

incident and McCoy was not initially honest about his actions.

{¶ 14} The trial court was also free to conclude that the impact of the baby's injuries may not have been as severe had McCoy tried to get the baby some medical attention after the incident, or at the very least told someone about the incident within a reasonable period of time. Instead, the baby was diagnosed with a subdural hematoma (compression of brain tissue caused by bleeding in the brain) and a broken tibia. The record indicates that the baby will suffer from brain damage and Cerebral Palsy for the rest of its life.

{¶ 15} Although McCoy entered an Alford plea, he does not deny the fact that he dropped the baby and failed to disclose the incident until three days later. During his sentencing hearing, McCoy claimed that his Alford plea is based on his belief that it was not his conduct that caused the baby's injuries, as he instead attempted to place blame on the biological parents and the maternal grandmother. The trial court may have concluded that this showed a lack of responsibility for his admitted conduct. Furthermore, while McCoy claims that he is remorseful, the trial court could have reasonably interpreted his actions throughout this ordeal as showing otherwise. McCoy had ample opportunity to come clean about what happened, but instead waited until law enforcement became involved days later before owning up to his actions. In doing so, he put a young life at risk, a life that will forever be affected by his callous behavior.

{¶ 16} McCoy's sole assignment of error is overruled and the judgment of the trial court imposing a maximum three-year prison sentence is affirmed.

. . . . . . . . . . . .

FAIN, J. and HALL, J., concur.


Copies mailed to:

Megan M. Farley
Mark J. Bamberger
Hon. Douglas M. Rastatter