[Cite as *State v. Folk*, 2017-Ohio-8105.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27375 |
| | : | |
| v. | : | Trial Court Case No. 16-CR-2193 |
| | : | |
| AARON FOLK | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of October, 2017.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ALICE B. PETERS, Atty. Reg. No. 0093945, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
     Attorney for Plaintiff-Appellee

THOMAS M. KOLLIN, Atty. Reg. No. 0066964, 3725 Pentagon Boulevard, Suite 270, Beavercreek, Ohio 45431
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} Aaron Folk appeals from the sentence he received after pleading guilty to one count of rape. Folk challenges the trial court's decision to impose the maximum allowable prison sentence for his offense. Finding that the sentence is not contrary to law and that the record amply supports the trial court's decision, we affirm.

## I. Background

{¶ 2} Folk was indicted in July 2016 on one count of rape of a child under ten years of age, a first-degree felony. Under a plea deal, Folk pleaded guilty to first-degree rape by force or threat or force, charged in a bill of information that omitted that the victim was under 10 years of age, and the State dismissed the indicted offense. The trial court accepted Folk's guilty plea and ordered a presentence investigation. At the sentencing hearing, the trial court imposed the maximum allowable prison sentence of 11 years.

{¶ 3} Folk appealed.

## II. Analysis

{¶ 4} Folk's sole assignment of error alleges that the trial court abused its discretion by imposing the maximum sentence for a single count of rape.

{¶ 5} "This court no longer applies an abuse of discretion standard when reviewing felony sentences, as the Supreme Court of Ohio has made clear that felony sentences are to be reviewed in accordance with the standard set forth in R.C. 2953.08(G)(2)." *State v. McCoy*, 2d Dist. Clark No. 2016-CA-28, 2016-Ohio-7415, ¶ 6, citing *State v. Marcum,*146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10, 16. *Accord State v. Rodeffer,* 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.). Under the plain language of R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on

appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1. "This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings." *State v. Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017-Ohio-217, ¶ 7, citing *Rodeffer* at ¶ 31.

{¶ 6} Even before *Marcum*, we had indicated "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. Nelson,* 2d Dist. Montgomery No. 25026, 2012-Ohio-5797, ¶ 62. *Accord State v. Terrel,* 2d Dist. Miami No. 2014-CA-24, 2015-Ohio-4201, ¶ 14. But "in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." (Citations omitted.) *State v. Castle,* 2016-Ohio-4974, 67 N.E.3d 1283, ¶ 26 (2d Dist.). It follows, then, that " 'a maximum sentence is not contrary to law when it is within the statutory range and the trial court considered the statutory purposes and principles of sentencing as well as the statutory seriousness and recidivism factors.' " *State v. Walden,* 2d Dist. Clark No. 2014-CA-84, 2016-Ohio-47, ¶ 7, quoting *State v. Martin,* 2d Dist. Clark No. 2014-CA-69, 2015-Ohio-697, ¶ 8.

{¶ 7} Here, the maximum 11-year prison sentence imposed by the trial court was within the authorized statutory range. The court stated at the sentencing hearing that it had considered "the purposes and principles of sentencing [in R.C. 2929.11] and the

seriousness and recidivism factors [in R.C. 2929.12]." (Tr. 37). Although the court did not state the same in its termination entry, "[a] trial court is not required to state that it considered R.C. 2929.11 and R.C. 2929.12." *State v. Neff,* 2d Dist. Clark No. 2012-CA-31, 2012-Ohio-6047, ¶ 5. Folk's 11-year prison sentence, therefore, is not contrary to law.

{¶ 8} We may only vacate or modify Folk's sentence, then, if we find by clear and convincing evidence that the record does not support the sentence. This is exactly what Folk contends—that the record does not support imposing the maximum statutory term for a single count of rape. We disagree.

{¶ 9} Folk's pre-sentence investigation (PSI) report shows that he has previously been convicted of sex crimes against young children and has been designated a Tier II sex offender. In 2007, Folk was convicted of gross sexual imposition for vaginally penetrating his then-girlfriend's fourteen-year-old daughter. A rape charge was dismissed. And he was convicted of unlawful sexual conduct with a minor for fondling the vagina of the girlfriend's eight-year-old daughter. In 2010, Folk was again convicted of gross sexual imposition, for fondling the vagina of another girlfriend's fourteen-year-old daughter while she slept.

{¶ 10} In the present case, Folk was convicted of rape for anally penetrating his girlfriend's nine-year-old daughter while she slept. And he threatened the girl by telling her that he would kill her if she told anyone. At sentencing, the trial judge noted the similarity between this crime and the previous crimes: "You take advantage of the child of a girlfriend. Their ages in each of the three cases were between the ages of eight and fourteen, and it's a modus operandi that is beyond alarming." (Tr. 36). The PSI states that according to Folk's parole officer Folk has been noncompliant while on post-release

control for his prior crimes. The parole officer said that "Folk has been sanctioned so many times that he no longer had prison time looming over him." According to the parole officer, Folk has violated a temporary protection order, been involved in domestic violence, had prohibited contact with individuals under the age of 18, and tested positive for cocaine approximately seven times. The parole officer also reported that Folk has failed to complete sex-offender treatment. It was the parole officer's opinion that Folk "is not amenable to supervision" and that "he will continue to sexually assault children."

{¶ 11} Folk's maximum sentence represents more than just a single, isolated crime. We believe the record amply supports that sentence. Accordingly, we simply do not conclude clearly and convincingly that the record fails to support the trial court's findings.

### III. Conclusion

{¶ 12} The sole assignment of error is overruled. The trial court's judgment is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Mathias H. Heck
Alice B. Peters
Thomas M. Kollin
Hon. Mary Katherine Huffman