[Cite as *State v. Dague*, 2017-Ohio-8603.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2017-CA-26 |
| | : | |
| v. | : | T.C. NO. 16-CR-462 |
| | : | |
| BRIAN A. DAGUE, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 17th day of November, 2017.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

MICHAEL R. PENTECOST, Atty. Reg. No. 0036803, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

        {¶ 1} This matter is before the Court on the March 10, 2017 Notice of Appeal of

Brian Adlon Dague, Jr. Dague appeals from his March 1, 2017 Judgment Entry of

Conviction, following a guilty plea to attempted theft, in violation of R.C. 2923.02 and 2913.02(A)(1), a felony of the fourth degree. The trial court sentenced Dague to 16 months in prison.

{¶ 2} On September 19, 2016, Dague was indicted on two counts of theft, in violation of R.C. 2913.02(A)(1). Count One was a felony of the fifth degree, while Count Two was a felony of the third degree. The charges arose after Dague took numerous items from his father's home in New Carlisle between August 10 -14, 2016, and attempted to sell them at a pawn shop. Dague pled not guilty on September 23, 2016, and on February 13, 2017, pursuant to a plea agreement, he entered his plea of guilty to an amended Count Two of the indictment for attempted theft, and Count One was dismissed. Restitution was agreed to at $1,475.00.

{¶ 3} Dague asserts a single assignment of error herein as follows:

THE TRIAL COURT'S SENTENCE OF 16 MONTHS IMPRISONMENT WAS NOT CLEARLY AND CONVINCINGLY SUPPORTED BY THE RECORD.

{¶ 4} Dague acknowledges that his sentence is within the statutory range of six to 18 months for a felony of the fourth degree and accordingly not contrary to law. *See* R.C. 2929.14(A)(4). Dague further acknowledges that "the trial court expressly stated that it had considered the statutory principles of sentencing as well as the statutory seriousness and recidivism factors of R.C. 2929.11 and 2929.12." Dague asserts, however, that while the trial court ordered a presentence investigation report, "as the trial court indicated at the sentencing hearing of February 28, 2017, the presentence investigation was incomplete. While the report did include evidence of Appellant's prior

record, it notably did not include an Ohio Risk Assessment Survey score or significant personal information" about Dague "because the probation officer preparing the presentence report never met" with Dague. Dague asserts that his attorney advised the court that Dague "attempted several times to call the number he was provided, but was unable to make contact with the probation officer in time for the presentence report." Dague asserts:

> Instead of re-referring Appellant for an interview with the probation officer, the trial court proceeded to sentencing with the limited information it had before it and defense counsel's arguments that Appellant's drug addiction did not warrant a prison sentence and that community control sanctions would more appropriately serve both Appellant and the community and reduce his risk of recidivism.

> Given the limited nature of the information available to the trial court and the lack of a complete presentence investigation report, Appellant submits that the record does not support the trial court's sentence of 16 months imprisonment. As such, Appellant demands that the judgment and sentence of the trial court be vacated and that the matter be remanded to the trial court for resentencing following a complete presentence investigation report.

{¶ 5} The State responds as follows:

> The trial court's sentence is supported by the record. Defendant had prior convictions, including a prior felony conviction for receiving stolen property, and failed to complete a previous attempt at intervention in lieu of

conviction. * * * Defendant's offense in this instance involved stealing from his own father. * ** The trial court found that prior sanction short of prison had not been successful, and therefore a prison term was appropriate. * * *

* * * When the trial court asked Defendant if he wished to say anything, Defendant declined to make any statement to the trial court.

The failure of Defendant to speak to the probation officer for the presentence investigation report, if error at all, is harmless. A presentence investigation report is not required when a trial court sentences a defendant to prison. * * *

In addition, if there was some information that Defendant believed the trial court should know before imposing sentence, he had an opportunity to say it in open court. * * *

Given the deferential standard of review, the record does not clearly and convincingly fail to support the sentence imposed by the trial court. * * *

{¶ 6} As this Court has previously noted:

"This court no longer applies an abuse of discretion standard when reviewing felony sentences, as the Supreme Court of Ohio has made clear that felony sentences are to be reviewed in accordance with the standard set forth in R.C. 2953.08(G)(2)." *State v. McCoy*, 2d Dist. Clark No. 2016-CA-28, 2016-Ohio-7415, ¶ 6, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10, 16. *Accord State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.) Under the plain language

of R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1. "This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings." *State v. Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017-Ohio-217, ¶ 7, citing *Rodeffer* at ¶ 31.

Even before *Marcum*, we had indicated "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5759. *Accord State v. Terrel*, 2d Dist. Miami No. 2014-CA-24, 2015-Ohio-4201, ¶ 14. But "in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." (Citations omitted.) *State v. Castle*, 2016-Ohio-4974, 67 N.E.3d 1283, ¶ 26 (2d Dist.). * * *

*State v. Folk,* 2d Dist. Montgomery No. 27375, 2017-Ohio-8105,¶ 5-6.

**{¶ 7}** The following exchange occurred at sentencing:

THE COURT: Defense wish to put anything on record?

MR. MURPHY: Yes, Your Honor. Thank you.

Unfortunately, as the State has indicated, we don't have all the information - - or the Court doesn't have all the information it needs to have a full presentence investigation. I briefly spoke with Brian out in the hallway as to why he did not contact Mr. Evans, and he indicated that the number that he had he called several times. When I looked at the card, it is actually a card for Deputy Berner, so I'm not sure how he got that card; but he seemed to believe that was the card or the number he was supposed to call. So I'm not sure where the mix-up happened, but that's Brian's explanation as to why he was not in contact with Mr. Evans regarding the presentence investigation.

Reading the presentence investigation and also reading the police report, I think it's obvious that Brian has and still suffers from a severe drug addiction. It appears he does have or was placed on an ILC program back in 2008 and, unfortunately, was not able to successfully complete that. It appears, during the same time period, he did have a felony receiving stolen property as well; and then it looks like a few misdemeanor convictions. I think, unfortunately, probably the more difficult thing for him is that I think he's burned a lot of bridges with his family; and that's an unfortunate thing because it just makes the process which he's going to have to go through one way or the other that much more difficult without the support and love of his family.

* * *

So, again, we understand that the Court's not required to place him

on community control and would be certainly justified imposing a sentence to prison. We would ask the Court to consider some alternative means of punishment. * * *

THE COURT: Mr. Dague, is there anything you want to say?

DEFENDANT: No, Your Honor.

THE COURT: * * *

The Court has reviewed the information available to it within the presentence report, which does lack any potential information of any personal interview that was supposed to be gathered.

I find the following factors apply to this case. There was serious economic harm as a result of the offense to the victim. The relationship with the victim facilitated that offense.

As to 2929.12(C), find the Defendant did not cause or expect to cause physical harm to persons or property.

As to 2929.12(D), recidivism factors, the Defendant has a history of criminal convictions and has not responded favorably to sanctions previously imposed for those convictions. There's no doubt that there's a pattern of substance abuse here related to the offense. At least we can assume they were related to the offense, I guess; but, again, we don't have that information from the Defendant.

As to his willingness to get treatment, I don't have any particular evidence for that. I do find no genuine remorse for the offense. I find no factors - - well, excuse me, one factor in 2929.12(E) which is prior to

committing the offense the Defendant did not have a juvenile delinquency record.

There is no military service record to consider. I have no Ohio Risk Assessment Survey score. Based upon the Defendant's record, community control is not mandatory.

All the information I have before me, I find the Defendant is not amenable to community control sanctions. It's the order of the Court, therefore, the Defendant be sentenced to 16 Months in the Ohio Department of Rehabilitation and Corrections * * *.

{¶ 8} Dague's Judgment Entry of Conviction provides in part:

The Court has considered the record, oral statements, the purposes and principles of sentencing under R.C. § 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. § 2929.12, and the need for deterrence, incapacitation, rehabilitation and restitution and the sentencing guidelines contained in R.C. § 2929.13. The Court is guided by the overriding purposes of felony sentencing, including protection of the public from future crime by the offender and others and punishment of the offender, using the minimum sanctions that the court determines will accomplish those purposes without imposing an unnecessary burden on state or local government resources.

The court further finds that, after considering the factors set forth in R.C. § 2929.12, a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and the defendant is not amenable

to an available community control sanction.

**{¶ 9}** We have reviewed the entirety of the record and the presentence investigation report. Regarding Dague's assertion that the probation officer preparing the report never interviewed Dague, and that Dague should have been "re-referred" for an interview prior to sentencing, Probation Officer Daniel Evans' presentence investigation report belies Dague's argument. It provides in part as follows:

> At the time of the plea on February 10th, 2017, the defendant was given a questionnaire to complete and also given this officer's business card to call him on Monday, February 13th, 2017. The defendant has not contacted this probation officer in reference to his presentence investigation interview. There were two phone numbers listed on the questionnaire that the defendant completed. This officer attempted to make contact with the defendant on February 21, 2017. This officer called the first number the defendant had listed on the form and got a recording that the phone number was out of service. The second phone number, which was the defendant's children's mother, was contacted and this officer left a message to have the defendant call this officer. To date, this officer has not received a call back from the children's mother or the defendant. This officer spoke with the defendant's attorney on February 23rd, 2017, and was given one additional phone number to call. This officer called that number and left a message. This officer was called back on February 24, 2017, stating this defendant has never lived at that address and wished for this officer to lose the number.

{¶ 10} Finally, Dague acknowledges that his sentence is not contrary to law, and we note that the trial court was not required to make any statutory findings in sentencing Dague. The sentencing transcript and the Judgment Entry of Conviction reflect that the court considered the factors set forth in R.C. 2929.11 and R.C. 2929.12. Accordingly, Dague's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, P.J. and FROELICH, J., concur.

Copies mailed to:

Andrew P. Pickering
Michael R. Pentecost
Hon. Richard J. O'Neill