[Cite as *State v. Dufner*, 2019-Ohio-1142.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-82 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-639 |
| | : | |
| MATTHEW L. DUFNER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of March, 2019.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, Appellate Division, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
　　　Attorney for Plaintiff-Appellee

P.J. CONBOY, II, Atty. Reg. No. 0070073, 5613 Brandt Pike, Huber Heights, Ohio 45424
　　　Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

**{¶ 1}** Matthew L. Dufner appeals from his conviction on one count of aggravated drug possession, a fifth-degree felony.

**{¶ 2}** In his sole assignment of error, Dufner contends the trial court erred in imposing a 12-month prison sentence. He argues that the sentence is not supported by clear and convincing evidence.

**{¶ 3}** Dufner's conviction stemmed from his possession of a baggie containing a mixture of Fentanyl and Carfentanil while he was a jail inmate. He pled guilty to the charge set forth above, and the parties agreed to the preparation of a presentence investigation (PSI) report. Dufner appeared for sentencing on April 17, 2018 with appointed counsel and stated that he wanted to retain new counsel. The trial court continued the proceedings for one week to allow Dufner to hire an attorney. On April 24, 2018, Dufner failed to appear for his scheduled sentencing hearing, and new counsel had not been retained. After a capias was issued for his arrest, Dufner appeared for sentencing on June 20, 2018. The trial court imposed a 12-month prison term.

**{¶ 4}** On appeal, Dufner challenges his sentence as being unsupported by the record. His entire substantive argument is as follows:

> In the instant case, the Trial Court determined that the matter was not a mandatory community control case as Appellant had a prior felony record and had not complied with the terms of his bond. Transcript of June 20, 2018 Proceedings p. 12-13.

> The Trial Court further stated that it had reviewed the record,

statements of counsel and the Appellant, and purposes and principles of sentencing under 2929.11, as well as the other sentencing guidelines contained in 2929.13. Transcript of June 20, 2018 Proceedings p. 11-12.

The Trial Court determined that there were no factors indicating the offense was more or less serious than that normally constitutes this type of offense. Id. The Trial Court further determined that recidivism was more likely based on Appellant's prior delinquency adjudication, history of criminal convictions, and previously violating community control sanctions. Id. The Trial Court found that Appellant was not amenable to community control sanctions and determined that a prison term would be more commensurate with the seriousness of his conduct and would not place an unnecessary burden on government resources. Id. at 13. The trial court then sentenced Appellant to twelve months of incarceration.

There are other factors that should have been considered. The charges before the Court were not violent offenses and no one was physically harmed. The charge against Appellant was not the most serious of such conduct. Appellant has five children and had employment set up. Transcript of June 20, 2018 Proceedings p. 10. In addition, drug use was a factor in the crime that was committed. Appellant stopped using drugs. Id.

Appellant was charged with a fifth degree felony aggravated drug possession. There was a presumption of community control sanctions. Even if the presumption is overcome and prison is found to be the appropriate sentence, as it was in this case[,] [t]he evidence presented did

not support a maximum sentence.

(Bold font on citations omitted.) (Appellant's brief at 4-5).

**{¶ 5}** Based on the foregoing argument, Dufner urges us to find "that the Trial Court's disposition was not based on clear and convincing evidence[.]" (*Id.* at 5).

**{¶ 6}** Upon review, we find Dufner's assignment of error to be unpersuasive. As a preliminary matter, his assignment of error subtly misstates the issue before us. The issue is not whether the record clearly and convincingly supports his sentence. The issue is whether the record clearly and convincingly fails to support the sentence. *State v. Folk*, 2d Dist. Montgomery No. 27375, 2017-Ohio-8105, ¶ 5. This deferential standard is mandated by R.C. 2953.08(G)(2), which authorizes us to vacate or modify his sentence only if we determine by clear and convincing evidence that the record does not support the sentence or that it is otherwise contrary to law.

**{¶ 7}** Dufner does not dispute the lawfulness of his sentence. It is within the authorized statutory range, and the trial court considered the statutory principles and purposes of sentencing and the statutory seriousness and recidivism factors, thereby making the sentence "authorized by law." *Id.* at ¶ 6-7. We may vacate or modify Dufner's lawful sentence only if we find by clear and convincing evidence that the record does not support it. On the record before us, we make no such finding.

**{¶ 8}** At the time of the PSI report, Dufner was 28 years old. He had a lengthy juvenile record that included a Department of Youth Services commitment and, among other things, adjudications for burglary, criminal damaging, possession of criminal tools, drug abuse, assault, disorderly conduct, and probation violations. As an adult, his criminal record included convictions for, among other things, disorderly conduct, criminal trespass,

driving under suspension, telephone harassment, assault on a police officer, operating a vehicle under the influence, menacing, possession of criminal tools, use/possession of drug paraphernalia, theft, and attempted assault. He previously had served two prison terms and had failed to comply with community control sanctions. He was unemployed at the time of his arrest and plea, and the PSI report does not identify any prior employment. The PSI report reflects that Dufner, who had never been married, reported having five children with five women, and one of the children was in the custody of Montgomery County Children Services. He also had a history of drug abuse. His risk-assessment score was high. He failed to appear for sentencing after the trial court continued it one week to accommodate him, and he ran from police after a capias was issued. He also failed to appear for his scheduled PSI interview with the probation department.

{¶ 9} We recognize that Dufner's aggravated drug possession conviction was not a violent offense and that no one physically was harmed as a result. The offense also arguably may not have been more serious than conduct normally constituting the offense, although he did possess the drugs while incarcerated in jail. As for his claim about having employment "set up," the record reflects only that one employer had agreed to consider him "eligible for being hired" if he resolved his legal problems. (Disposition Tr. at 11). Finally, with regard to Dufner's assertion that he had stopped using drugs, the trial court was not required to believe him or to believe that he would stop committing crimes and that things would be different this time. Based on the record before us--including Dufner's lengthy criminal history over an extended period of years, his prior prison terms, his prior failure to complete community control, his failure to appear for appointments, and a demonstrated general lack of responsibility—we do not find that the record clearly and

convincingly fails to support his 12-month prison sentence.

{¶ 10} Dufner's assignment of error is overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . .

WELBAUM, P.J., concurs.

FROELICH, J., concurs:

{¶ 11} I would not consider any ORAS score in determining whether the sentence was in error. However, even without such consideration, the record still does not clearly and convincingly fail to support the sentence.

Copies sent to:

Andrew P. Pickering
P.J. Conboy, II
Hon. Richard J. O'Neill