[Cite as *State v. Johnson*, 2019-Ohio-1382.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                                  :
                                               :
        Plaintiff-Appellee                     :       Appellate Case No. 28077
                                               :
v.                                             :       Trial Court Case No. 2018-CR-739
                                               :
ISHMEL JOHNSON                                 :       (Criminal Appeal from
                                               :       Common Pleas Court)
        Defendant-Appellant                    :
                                               :

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of April, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL J. SCARPELLI, Atty. Reg. No. 0093662, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

THOMAS M. KOLLIN, Atty. Reg. No. 0066964, 2372 Pentagon Boulevard, Suite 270, Beavercreek, Ohio 45431
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Ishmel Johnson appeals his conviction for one count of domestic violence, in violation of R.C. 2919.25(A) and (D)(3), a felony of the fourth degree. On July 26, 2018, Johnson filed a timely notice of appeal with this Court.

{¶ 2} The incident which formed the basis for Johnson's conviction occurred on the morning of February 22, 2018, when two officers from the Miamisburg Police Department were dispatched to the intersection of Fourth Street and Lane Street on a report of a domestic violence incident. Upon arriving, the officers made contact with A.M., the victim, who informed them that she had recently been physically assaulted by her boyfriend, Johnson, at their shared residence. Specifically, A.M. informed the police that Johnson had been angry at her for returning home from work fifteen minutes late. At some point during the argument, Johnson grabbed A.M. by the neck and pushed her into a wall, causing her to hit her head.

{¶ 3} Eventually, A.M. was able to reach her vehicle, leave their residence, and contact the police. The officers observed scratch marks on A.M.'s neck but could discern no visible injury to her head. A.M. declined medical treatment at the scene. A broadcast was issued for Johnson, and he was arrested in Trotwood two days later.

{¶ 4} On March 5, 2018, Johnson was indicted for one count of domestic violence (knowingly, with one prior offense), in violation of R.C. 2919.25(A) and (D)(3), a felony of the fourth degree. At his arraignment on March 12, 2018, Johnson stood mute, and the trial court entered a plea of not guilty on his behalf.

{¶ 5} On May 15, 2018, Johnson pled guilty to one count of domestic violence. Prior to conducting the plea colloquy, the trial court informed Johnson that the State's

sentencing recommendation was a term of community control sanctions and a requirement that Johnson attend anger management classes. The trial court informed Johnson that it was not bound by the State's sentencing recommendation. Rather, the trial court advised Johnson that it would rely on a presentence investigation report (PSI) in order to determine the appropriate sentence to impose. Johnson stated that he understood. Thereafter, the trial court accepted Johnson's guilty plea and referred the case to the adult probation department for a PSI.

{¶ 6} At his disposition on June 27, 2018, the trial court informed Johnson that it had reviewed his PSI and found that he had "a serious history of violence." The trial court rejected the State's sentencing recommendation and sentenced Johnson to 12 months in prison. The trial court filed Johnson's judgment entry of conviction on June 29, 2018.

{¶ 7} It is from this judgment that Johnson now appeals.

{¶ 8} Johnson's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE.

{¶ 9} In his assignment of error, Johnson contends that the record clearly and convincingly fails to support the trial court's imposition of a 12-month prison sentence.

{¶ 10} As this Court has previously noted:

"This court no longer applies an abuse of discretion standard when reviewing felony sentences, as the Supreme Court of Ohio has made clear that felony sentences are to be reviewed in accordance with the standard set forth in R.C. 2953.08(G)(2)." *State v. McCoy*, 2d Dist. Clark No. 2016-CA-28, 2016-Ohio-7415, ¶ 6, citing *State v. Marcum*, 146 Ohio St.3d 516,

2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10, 16. *Accord State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.) Under the plain language of R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1. "This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings." *State v. Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017-Ohio-217, ¶ 7, citing *Rodeffer* at ¶ 31.

Even before *Marcum*, we had indicated "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5759. *Accord State v. Terrel*, 2d Dist. Miami No. 2014-CA-24, 2015-Ohio-4201, ¶ 14. But "in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." (Citations omitted.) *State v. Castle*, 2016-Ohio-4974, 67 N.E.3d 1283, ¶ 26 (2d Dist.). * * *

*State v. Folk*, 2d Dist. Montgomery No. 27375, 2017-Ohio-8105, ¶ 5-6.

**{¶ 11}** At Johnson's sentencing hearing, the trial court made the following

statements:

> Sir, I reviewed your presentence investigation yesterday with the director of our probation department to get some more feedback. You have, as I said before, a serious history of violence. From my perspective, you don't take responsibility for you actions. You've had numerous opportunities at Stop the Violence and other similar programs in the past. The last time you were on supervision you were given an incomplete termination which was six days before this offense.
>
> After considering the purposes and principles of sentencing and the seriousness and recidivism factors I'm going to sentence you to 12 months at the Correctional Reception Center. You'll be given all applicable jail time credit, which is 14 days. There is no request for restitution. I am going to order that you pay court costs as determined by the clerk of courts.

{¶ 12} Initially, Johnson argues that, because he pled to a felony of the fourth degree, the trial court could not sentence him to a prison term unless it made findings pursuant to R.C. 2929.13(B)(1)(b); that statute provides that "[t]he trial court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree *that is not an offense of violence or that is a qualifying assault offense* if any of the following apply * * *." The statute then lists eleven specific factors. R.C. 2929.13(B)(1)(b)(i)-(xi).

{¶ 13} Pursuant to R.C. 2901.01(A)(9)(a), however, "domestic violence," a violation of R.C. 2919.25, is defined as an "offense of violence." Furthermore, domestic violence is not a "qualifying assault offense," which is defined as "a violation of section

2903.13 of the Revised Code for which the penalty provision in division (C)(8)(b) or (C)(9)(b) of that section applies." R.C. 2929.13(K)(4). Therefore, R.C. 2929.13(B)(1)(b) has no application in the instant case. Rather, the section of the R.C. 2929.13 that does apply here is (B)(2), which provides as follows:

> (2) If division (B)(1) of this section does not apply, except as provided in division (E), (F), or (G) of this section, in determining whether to impose a prison term as a sanction for a felony of the fourth or fifth degree, *the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code.*

(Emphasis added.) Upon review, the record establishes that the trial court relied on the appropriate section of R.C. 2929.13 when it imposed a 12-month prison sentence on Johnson.

{¶ 14} R.C. 2929.11 requires trial courts to be guided by the overriding purposes and principles of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to

the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 15} R.C. 2929.12(B) sets forth nine factors indicating an offender's conduct is more serious than conduct normally constituting the offense. R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious. R.C. 2929.12(D) and (E) each list five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record and "whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses."

{¶ 16} At Johnson's sentencing hearing, the trial court stated that it had received and reviewed the PSI. The trial court also stated that it had considered "the purposes and principles of sentencing and the seriousness and recidivism factors," and it noted that Johnson's conviction for domestic violence could carry "a prison term of 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, or 18 months * * *."

{¶ 17} We also note that Johnson had an extensive criminal record. As a juvenile, Johnson was adjudicated a delinquent for criminal trespassing and criminal damaging. Johnson's adult misdemeanor record reflected that he had convictions for petty theft, two separate convictions for open container violations, assault, four separate instances of disorderly conduct, public intoxication, resisting arrest, and three convictions for obstructing official business. Significantly, in 2015, Johnson was convicted of domestic

violence.[1]   Johnson's PSI indicated that, in that case, he struck the female victim multiple times with closed fists and a cane, and he took her phone and threw it at her when she attempted to call 911.

**{¶ 18}** Johnson's adult felony record reflects that he had been convicted of assault on a peace officer in 2003.[2]   Johnson's PSI indicated that, in that case, he "became combative during a traffic stop, kicking the arresting officers, spitting on the officers, and damaging the backseat window of a police cruiser."   Additionally, Johnson had been convicted of possession of cocaine and non-support of dependents.

**{¶ 19}** In the case at bar, the trial court imposed a sentence within the permissible statutory range.   The record establishes that the trial court properly reviewed the PSI, Johnson's statements, and the statements of counsel.   The record further establishes that the trial court considered the principles and purposes of sentencing under R.C. 2929.11, and that it balanced the seriousness and recidivism factors set forth in R.C. 2929.12.   In sum, we are unable to find "by clear and convincing evidence that the record does not support the sentence." *Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23.   The sentence is not contrary to law.

**{¶ 20}** Johnson's assignment of error is overruled.

**{¶ 21}** Johnson's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

---

[1] Montgomery C.P. No. 2015 CR 0594.

[2] Montgomery C.P. No. 2003 CR 0004.

WELBAUM, P.J. and FROELICH, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Michael J. Scarpelli
Thomas M. Kollin
Hon. Mary Katherine Huffman