**[Cite as *State v. Sampuran*, 2019-Ohio-5139.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-27 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-534 |
| | : | |
| RAVI L. SAMPURAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 13th day of December, 2019.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Ohio 45502
    Attorney for Plaintiff-Appellee

APRIL F. CAMPBELL, Atty. Reg. No. 0089541, 545 Metro Place South, Suite 100, Dublin, Ohio 43017
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Ravi L. Sampuran appeals his conviction and sentence for one count of felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree, with a firearm specification. Sampuran filed a timely notice of appeal with this Court on March 28, 2019.

{¶ 2} According to the transcript of the plea hearing, on August 5, 2018, Sampuran[1] attended a birthday party at a residence located on Delcourt Drive in Springfield, Ohio. Upon leaving the party, Sampuran came into contact with the victim, Daryl Ramey, whom Sampuran shot at with a handgun. Ramey was wounded by the gunfire and attempted to flee. Sampuran followed Ramey to another residence where he continued to shoot. Sampuran fired multiple shots, wounding Ramey a second time. At the second residence, one of the shots fired by Sampuran missed Ramey and struck a house with a child inside. As a result of the shooting, Ramey was severely injured and was taken from the scene to Springfield Regional Medical Center. Thereafter, Ramey was transported by helicopter to Miami Valley Hospital in Dayton, Ohio, where doctors were able to save his life.

{¶ 3} After the shooting occurred, Sampuran fled the scene; however, he was arrested and taken into custody by police shortly thereafter. On August 13, 2018, Sampuran was indicted for the following offenses: Count I, attempted murder; Count II, attempted murder; Count III, felonious assault; Count IV, felonious assault; Count V, discharge of a firearm on or near prohibited premises; and Count VI, improperly discharging a firearm at or into a habitation. Each count was accompanied by a firearm specification. At his arraignment on November 5, 2018, Sampuran pled not guilty to the

---

[1] Sampuran was 22 years old.

charged offenses.

{¶ 4} On March 5, 2019, Sampuran pled guilty to one count of felonious assault and the accompanying firearm specification in return for dismissal of all remaining counts and specifications. The trial court ordered a presentence investigation report (PSI) from the Adult Probation Department. At disposition on March 26, 2019, the trial court sentenced Sampuran to eight years in prison for felonious assault and an additional three years for the firearm specification, for an aggregate sentence of 11 years of imprisonment.

{¶ 5} It is from this judgment that Sampuran now appeals.

{¶ 6} Sampuran's sole assignment of error is as follows:

THE TRIAL COURT'S SENTENCING DECISION SHOULD BE REVERSED BECAUSE THE TRIAL COURT FAILED TO CONSIDER THE PRINCIPLES AND PURPOSES OF SENTENC[ING], OR THE SERIOUSNESS AND RECIDIVISM FACTORS WHEN IT SENTENCED SAMPURAN TO THE MAXIMUM TERM.

{¶ 7} In his assignment, Sampuran contends that the trial court erred when it sentenced him to the maximum sentence of eight years in prison for felonious assault, a felony of the second degree. Specifically, Sampuran argues that the record establishes that the trial court did not consider the principles and purposes of sentencing or the seriousness and recidivism factors before sentencing him to the maximum sentence, citing R.C. 2929.11 and R.C. 2929.12.

{¶ 8} As this Court has previously noted:

"This court no longer applies an abuse of discretion standard when reviewing felony sentences, as the Supreme Court of Ohio has made clear

that felony sentences are to be reviewed in accordance with the standard set forth in R.C. 2953.08(G)(2)." *State v. McCoy*, 2d Dist. Clark No. 2016-CA-28, 2016-Ohio-7415, ¶ 6, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10, 16. *Accord State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.)  Under the plain language of R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1. "This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings." *State v. Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017-Ohio-217, ¶ 7, citing *Rodeffer* at ¶ 31.

Even before *Marcum*, we had indicated "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5759. *Accord State v. Terrel*, 2d Dist. Miami No. 2014-CA-24, 2015-Ohio-4201, ¶ 14.   But "in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." (Citations omitted.) *State v. Castle*, 2016-Ohio-4974, 67

N.E.3d 1283, ¶ 26 (2d Dist.). * * *

*State v. Folk*, 2d Dist. Montgomery No. 27375, 2017-Ohio-8105, ¶ 5-6.

**{¶ 9}** R.C. 2929.11 requires trial courts to be guided by the overriding purposes of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

**{¶ 10}** R.C. 2929.12(B) sets forth nine factors indicating an offender's conduct is more serious than conduct normally constituting the offense. R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious. R.C. 2929.12(D) and (E) each list five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record and "whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses."

**{¶ 11}** At the beginning of the sentencing hearing, the trial court stated the following:

> The Court: Case #18-CR-534, State of Ohio v. Ravi Sampuran. The defendant is before the Court this morning for disposition having pled guilty to felonious assault with a firearm specification. The Court did order a pre-sentence investigation.
>
> I have received a report prepared by the probation department. I have reviewed that. I've also received some letters that the defendant wrote, and I have reviewed those to some extent.
>
> * * *

**{¶ 12}** Later in the hearing, the following exchange occurred between the State and the trial court:

> The Court: Am I correct that the indictment, there were two counts of attempted murder and two counts of felonious assault and some other charges, but those were for – one set of offenses was for what happened at the one location and the other set was the other?
>
> The State: Correct, Your Honor. That would have been our argument, Your Honor, that there was actually at the driveway and then down the block, that would have been for each of those two counts, yes.
>
> The Court: It does appear that the State has taken into consideration all of the factors in the case in crafting its plea offer.
>
> The State did dismiss several other charges, and I understand that perhaps some of them would merge with one another; but significant to the

Court is that there were essentially two crime scenes, and the crimes that occurred at scene one would not merge with the crimes that were committed at scene two.

And it appears that the State dismissed all of the offenses that occurred at crime scene number two.

Based on that the Court doesn't see any justification in giving the defendant anymore consideration for entering his guilty plea.

{¶ 13} Additionally, in its judgment entry of conviction, the trial court stated as follows:

The Adult Probation Department tendered to the Court the PSI report and the Court reviewed the same.

IT IS HEREBY ORDERED that the PSI report be made a part of the record herein for the limited purposes of appellate review and/or trial court judicial release review and that it would otherwise remain under seal in the custody of the Clark County Adult Probation Department.

* * *

The Court considered the PSI, record, oral statements of counsel, the defendant's statement, *and the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.*

{¶ 14} In the instant case, the trial court imposed a sentence within the permissible statutory range. The record establishes that the trial court reviewed the PSI, Sampuran's

statements, and the statements of counsel. The record further establishes that the trial court considered the principles and purposes of sentencing under R.C. 2929.11, and that it balanced the seriousness and recidivism factors set forth in R.C. 2929.12. Although the trial court did not orally advise Sampuran at the sentencing hearing of its findings pursuant to R.C. 2929.11 and 2929.12, the judgment entry of conviction contains those findings. "On a silent record, a trial court is presumed to have considered the statutory purposes and principles of sentencing and the statutory seriousness and recidivism factors." *State v. Goldblum*, 2d Dist. Montgomery No. 25851, 2014-Ohio-5068, ¶ 50.

{¶ 15} Additionally, the trial court noted that although Sampuran did not have a previous adult criminal record, he did have an extensive record of juvenile adjudications dating back to 2010, when he was only 14 or 15 years old. Those adjudications included the following: 1) "resisting officer – obstruct", misdemeanor; 2) loitering/prowling, misdemeanor; 3) disorderly conduct – brawling, fighting, misdemeanor; 4) disorderly conduct – affray, misdemeanor; 5) four probation violations, misdemeanor; 6) larceny/grand theft of dwelling, felony (F3); 7) escape, felony; and 8) possession of drugs, felony. Finally, the trial court noted that the State had dismissed some very serious charges from Sampuran's indictment, including two counts of attempted murder, an additional count of felonious assault, one count of discharge of a firearm on or near prohibited premises, and one count of improperly discharging a firearm at or into a habitation.

{¶ 16} We have said that "a trial court may rely on 'a broad range of information' at sentencing." *State v. Bodkins*, 2d Dist. Clark No. 10-CA-38, 2011-Ohio-1274, ¶ 43, quoting *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 13 (2d

Dist.). "The evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned * * * with the narrow issue of guilt." (Citation omitted.) *Bowser* at ¶ 14. "Among other things, a court may consider hearsay evidence, prior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement." (Citation omitted.) *Bodkins* at ¶ 43.

{¶ 17} In light of the foregoing, we are unable to find "by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23. The sentence is not contrary to law. *See State v. Brammer*, 2d Dist. Greene No. 2017-CA-56, 2018-Ohio-3067, ¶ 19.

{¶ 18} Sampuran's sole assignment of error is overruled.

{¶ 19} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.

Copies sent to:

John M. Lintz
April F. Campbell
Hon. Douglas M. Rastatter